Connon, Richard F., J.
This case arises out of a fall that the plaintiff had on the steps of the Post Office in Falmouth, Massachusetts. The issues presented in the Motion for Summary Judgment would be whether or not issue preclusion applied and whether issue preclusion requires summary judgment for the defendants. This court is bound by the determination of the Federal District Court that the condition was open and obvious. Massachusetts courts have rejected the idea that the existence of an open and obvious condition is the equivalent of a finding of contributory negligence by the plaintiff. “Whether a danger is open and obvious has to do with the duty of the defendant, not the negligence of the plaintiff.” O’Sullivan v. Shaw, 431 Mass. 201, 205-06 (2000), quoting Callahan v. Boston Edison Co., 24 Mass.App.Ct. 950, 953 (1987). This court concludes that the finding applies only to the *320 owner and therefore summary judgment should not be allowed. Because the finding of the Federal District Court relates only to duty, the issue of the plaintiffs negligence, if any, remains to be litigated as well.
In holding that the doctrine of open and obvious condition relates to the duty prong of negligence, the Supreme Judicial Court referenced the duty only to the landowner. “It is well established in our law of negligence a landowner’s duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence.” O’Sullivan v. Shaw, 431 Mass. 201. A finding that a condition was open and obvious precludes all future negligence claims against people in control of the properly because it is a determination that they have no duty to warn. The Supreme Judicial Court declined to hold “that there can be no negligence in design if the product performs as intended, or if there are warnings found to be adequate, or if the dangers are obvious.” Uloth v. City Tank Corp., 376 Mass. 874, 881 (1978). A triable issue existed on whether there was “an available design modification which would reduce the risk without undue cost or interference with the performance.” Id. On this basis, the defendants are not entitled to summary judgment because the plaintiff could show that there were alternative designs which would not have created the danger. Therefore, summary judgment is DENIED.